**Edward Joseph CYCENAS,**
**Plaintiff–Appellant,**

v.

**Keith E. STONER, et al., Defendants–**
**Appellees.**

No. 03–2741.

United States Court of Appeals,
Seventh Circuit.

Submitted March 4, 2004.*

Decided March 5, 2004.

Rehearing Denied March 23, 2004.

Edward J. Cycenas, pro se, Siren, WI, for Plaintiff–Appellant.

Charles H. Bohl, Whyte, Hirschboeck, Dudek, Milwaukee, WI, for Defendant–Appellee.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

### ORDER

Officials in Siren, Wisconsin issued Edward Cycenas a citation for making improvements to his land without obtaining a building permit as required by a local ordinance. Cycenas claims that he is the assignee of a "land patent" by virtue of a homestead certificate issued by the federal government in 1892, and that he is therefore immune from any regulatory restrictions on the use of his land. Cycenas first tried to levy fines of nearly $4 million on various local and county officials who attempted to enforce the ordinance; after failing in that effort he filed this lawsuit seeking damages and an injunction against enforcement of the ordinance. The district court promptly dismissed the case for want of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(h)(3). Cycenas then appealed to the Federal Circuit arguing that the defendants had infringed his "patent" rights. The Federal Circuit stated that it had no jurisdiction to review the appeal because Cycenas had failed to allege in the district court that the defendants had infringed a patented *invention, see* 28 U.S.C. § 271; 35 U.S.C. § 1338(a), and transferred the case to us, *see* 28 U.S.C. § 1631.

Cycenas argues that the district court erred by dismissing his case for lack of jurisdiction because his case either pres-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

ents a federal question, *see* 28 U.S.C. § 1331, or arises under the patent laws, *see* 28 U.S.C. § 1338(a). He is mistaken. Cycenas's first asserted basis for jurisdiction fails because a dispute involving rights in a piece of land does not present a federal question simply because ownership of that land is claimed under a grant from the United States government. *See Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 676–77, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974); *Wisconsin v. Baker*, 698 F.2d 1323, 1327 (7th Cir.1983). His second asserted basis—that the defendants have infringed a patent, *see* 35 U.S.C. § 271—confuses a "land patent" with a "patent" right. A patent must concern a "new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. Cycenas has not alleged that he has any such patented invention, and his purported land patent plainly does not qualify. The district court correctly dismissed this case for lack of subject matter jurisdiction.

AFFIRMED.