NOTE: This opinion is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDWARD JOSEPH CYCENAS,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5083

---

Appeal from the United States Court of Federal Claims in Case No. 11-272C, Judge Lawrence M. Baskir.

---

Decided: August 10, 2012

---

EDWARD JOSEPH CYCENAS, of Siren, Wisconsin, pro se.

DANIEL RABINOWITZ, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

---

Before L*OURIE*, R*EYNA*, and W*ALLACH*, *Circuit Judges*.

P*ER* C*URIAM*.

Edward Cycenas appeals the United States Court of Federal Claims ("Claims Court") decision dismissing his various claims for lack of jurisdiction. We affirm.

BACKGROUND

This case began in the United States District Court of the Western District Wisconsin. Mr. Cycenas sued 19 different defendants in this case about a dispute over a sanitation permit. *Cycenas v. Flanigan*, 2010 WL 3943961 (W.D. Wis. Oct. 7, 2010). Presumably, the dispute began when a zoning administrator sent Mr. Cycenas a letter in 2009 informing him that he needed a permit to install an "onsite waste treatment system" for his home. *Id.* After Mr. Cycenas failed to obtain a permit, the zoning administrator obtained a "Special Inspection Warrant" to determine whether Mr. Cycenas' property complied with the applicable sanitary codes and, after executing the warrant, issued a citation for installing a "private onsite waste treatment system without [a] permit." *Id.* at *1 (bracket in original). Mr. Cycenas alleged that his constitutional rights had been violated when his property was inspected for compliance. *Id.*[1]

The district court dismissed Mr. Cycenas's claims, finding that Mr. Cycenas's constitutional rights had not been violated. *Id.* at *2-3. Mr. Cycenas then turned to the Claims Court, alleging that the United States had violated Mr. Cycenas's rights by not preventing others from

---

[1] Mr. Cycenas has raised similar claims with regard to other inspections and citations. *See Cycenas v. Stoner*, 88 F. App'x. 954 (7th Cir. 2004); *Cycenas v. Flanigan*, 2010 WL 3943961 (W.D. Wis. Oct. 7, 2010); *Cycenas v. Kutz*, 2010 WL 4219926, (W.D. Wis. Oct. 20, 2010).

interfering with his enjoyment of his property interests. *Cycenas v. United States*, No. 11-272C (Claims Court March 8, 2012) (order granting dismissal) ("Claims Court Order"). Mr. Cycenas also alleged a violation of his rights insofar as other court decisions have not protected his property rights. *Id.*

The Claims Court held that it lacked jurisdiction with regards to both claims. Mr. Cycenas timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

This court reviews the Claims Court's decision to dismiss for lack of jurisdiction *de novo*. *Adair v. United States*, 497 F.3d 1244, 1250 (Fed. Cir. 2007). As the party seeking the exercise of jurisdiction, Mr. Cycenas bears the burden of establishing that jurisdiction exists. *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

Under the Tucker Act, the Claims Court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). A plaintiff attempting to sue the United States in the Claims Court first must "identify a substantive right for money damages against the United States separate from the Tucker Act itself" before the court can address the claim's merits. *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The United States is the only proper defendant in the Claims Court. *See* 28 U.S.C. § 1491(a)(1).

Even broadly construing Mr. Cycenas's pro se arguments on appeal, we agree with the Claims Court that it lacked jurisdiction over Mr. Cycenas's claims. First, Mr.

Cycenas seems to argue that he is the assignee of a "land patent" by virtue of a homestead certificate issued by the federal government in 1892, and that he is therefore immune from any regulatory restrictions on the use of his land. Although the Claims Court has jurisdiction over "any claim against the United States . . . upon any express or implied contract with the United States," 28 U.S.C. § 1491(a)(1), Mr. Cycenas has not proven the existence of a contract with the United States.[2]

Additionally, the Claims Court correctly determined that it lacked jurisdiction to review the decisions from the district court in Mr. Cycenas' other cases. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("Further . . . the Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts.")

CONCLUSION

We have considered all positions put forth by Mr. Cycenas on appeal, and for the reasons discussed above, the decision of the Claims Court is AFFIRMED.

**AFFIRMED.**

No costs.

---

[2]    In order to illustrate the existence of a valid contract, Mr. Cycenas would have to "show (1) mutuality of intent to contract; (2) consideration; and (3) lack of ambiguity in offer and acceptance." *D & N Bank v. United States*, 331 F.3d 1374, 1378 (Fed. Cir. 2003). Additionally, Mr. Cycenas would need to show that the contract was entered into by an authorized Government official. *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990).