NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**CREATION UPGRADES, INC.**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5098

---

Appeal from the United States Court of Federal Claims in case no. 09-CV-788, Senior Judge John P. Wiese.

---

Decided: April 8, 2011

---

DAVID EFRON, Law Offices of David Efron, of San Juan, Puerto Rico, for plaintiff-appellant.

MICHAEL D. AUSTIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAN, Assistant Director.

_____

Before BRYSON, MAYER, and DYK, *Circuit Judges.*

DYK, *Circuit Judge.*

Creation Upgrades, Inc. ("Creation") appeals from a decision of the United States Court of Federal Claims ("Claims Court"). The Claims Court dismissed Creation's bid protest claim for lack of subject matter jurisdiction insofar as it sought equitable relief and granted the United States' motion for judgment on the administrative record with respect to the remainder of the claim. We affirm.

## BACKGROUND

On March 14, 2008, the United States Navy ("Navy") issued a solicitation announcing the sale of two parcels of government property in Ceiba, Puerto Rico. Parcel II is involved here. The solicitation stated:

> The Government has established a minimum acceptable bid price for [sale of the parcels]. In the event the Government does not receive a satisfactory bid that is at least equal to this Reserve Price, the Government reserves the right to reject the sealed-bids submitted, and conduct online auctions [for the parcels].

Appellee's Supplemental App. 360. The Navy adopted an Award Plan establishing internal agency procedures for the bidding process. The Award Plan was finalized on April 10, 2008. The reserve prices were temporarily left undetermined pending the results of a General Services Administration ("GSA") appraisal process. On April 18, 2008, the GSA preliminarily recommended a value of $36,650,000 for Parcel II. The Navy incorporated this

value into its Award Plan on April 25, 2008, and the GSA provided a final certification of that appraisal value on April 28, 2008. The next day, the Navy approved the final Award Plan with a reserve price of $36,650,000 for Parcel II.

The Award Plan provided that if the bids failed to meet the reserve prices, the Navy could, among other options, "reject the bids received." *Id.* 17. It also stated:

> In no instance shall the Government accept a conforming high bid that is less than 80% of the established [reserve price] . . . .

*Id.* 20. Creation submitted a bid of $27,027,000 to purchase Parcel II on April 29, 2008, and it was received by the Navy on April 30, 2008, the deadline for submissions. The Navy rejected Creation's bid pursuant to its Award Plan because the bid was less than 80% of the established reserve price.

On November 16, 2009, Creation filed suit in the Claims Court, asserting jurisdiction under 28 U.S.C. § 1491(b)(1) and seeking a declaration that its bid was the highest qualifying bid for Parcel II, specific performance directing the sale to Creation, and an award of bid preparation costs. The parties filed cross-motions for judgment on the administrative record. While the case was pending, we issued our decision in *Resource Conservation Grp., LLC v. United States*, 597 F.3d 1238 (Fed. Cir. 2010). In *Resource Conservation*, we held that § 1491(b)(1) only provided jurisdiction over bid protests that involved "the process of acquiring property or services." 597 F.3d at 1244 (emphasis omitted). Jurisdiction over bid protest claims that do not involve government acquisitions, we explained, was only available under 28 U.S.C. § 1491(a)(1), which grants jurisdiction over "any express or

implied contract with the United States." *Id.* at 1242, 1245–46.

Considering itself bound by *Resource Conservation*, the Claims Court dismissed Creation's claims for equitable relief under § 1491(b) for lack of subject matter jurisdiction. Although Creation did not raise a § 1491(a)(1) contract claim explicitly, the Claims Court found that Creation had made sufficient allegations to raise a claim for breach of the implied contract of fair dealing. The court also found that Creation's implied contract claim failed on the merits and granted the United States' motion for judgment on the administrative record. In doing so, the Claims Court denied Creation's request to depose Kimberly Kessler, a Navy official and one of the signatories of the Award Plan. Creation timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court decision regarding subject matter jurisdiction and its judgment on the merits based on its interpretation of the award documents de novo. *See Int'l Data Prods. Corp. v. United States*, 492 F.3d 1317, 1321 (Fed. Cir. 2007); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002).

## I

Creation first argues that it is not bound by *Resource Conservation* because that case involved a lease, rather than a sale, of government property and that, in any event, the precedent should not be retroactively applied. Section 1491(b)(1) grants the Claims Court jurisdiction to "render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract . . . in connection with a procurement or a proposed procurement." 28 U.S.C. §

1491(b)(1).   In *Resource Conservation*, we construed "procurement" to mean "the process of acquiring property or services."  597 F.3d at 1244 (quoting 41 U.S.C. § 403(2)) (emphasis omitted).  Therefore, we held that a solicitation for the lease of government property was not a "procurement" under § 1491(b)(1) because the government was not "acquiring property or services."  *Id.*  We see no meaningful distinction between the lease and sale of government property.   *Resource Conservation* governs this case.  Contrary to Creation, the fact that *Resource Conservation* was decided after it filed suit does not prevent it from being binding precedent.   The Claims Court properly dismissed Creation's § 1491(b)(1) claim for lack of jurisdiction.

## II

Creation also argues that the Claims Court erred by denying its discovery request and deciding the § 1491(a)(1) case on the administrative record as it stood.  Since our decision in *Resource Conservation*, we have not decided whether bid protest cases brought under § 1491(a)(1) of the Tucker Act are to be decided on the administrative record, and we see no need to decide that question in this case.   Even if the Claims Court must exercise original jurisdiction in these cases, we see no error in the Claims Court's refusal to allow the deposition of Ms. Kessler.

Whether the proceeding is one on the administrative record or is original in nature, review of the government's decision rejecting Creation's bid requires a showing that the government action was arbitrary or capricious or contrary to law.  *See, e.g., Keco Indus., Inc. v. United States*, 428 F.2d 1233, 1238 (Ct. Cl. 1970) ("[P]laintiff should be allowed standing to maintain this action [for breach of the implied contract of fair dealing under § 1491(a)(1)], provided it can give prima facie evidence of

arbitrary and capricious action on the part of defendant."); *Heyer Prods. Co. v. United States*, 140 F. Supp. 409, 414 (Ct. Cl. 1956) (stating that to prove a breach of the implied contract of fair dealing, the plaintiff must prove the government acted arbitrarily).

Creation has made no such showing, and discovery is unnecessary. As the Claims Court properly found, the bid documents are clear on their face. The Award Plan forbade the Navy from accepting a bid that was less than 80% of the reserve price. The reserve price was incorporated into the Award Plan and received final certification before Creation's bid was received by the Navy. Creation's bid, which was under 80% of the reserve price, did not qualify, and the government made no error in rejecting it.

## III

Creation finally asserts that the Claims Court was biased against it and therefore improperly predisposed to dismiss the claim. This argument has no merit. Not only did Creation fail to bring a recusal motion below, it has also failed to present any evidence of judicial bias on appeal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

**AFFIRMED**