NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ISAAC A. POTTER, JR.,**
*Plaintiff-Appellant,*

v.

**UNITED STATES**
*Defendant-Appellee.*

---

2011-5041

---

Appeal from the United States Court of Federal Claims in case No. 10-CV-346, Judge Lynn J. Bush.

---

Decided: May 20, 2011

---

ISAAC A. POTTER, JR., of Orlando, Florida, pro se.

KIRBY WING-KAY LEE, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, and JOHN J. FARGO, Director.

---

Before RADER, *Chief Judge*, and NEWMAN and MOORE, *Circuit Judges*.

PER CURIAM.

Isaac A. Potter, Jr. (Mr. Potter), appearing *pro se*, appeals the United States Court of Federal Claims' (Court of Federal Claims) dismissal of his complaint against the United States. *Potter v. United States*, No. 10-346 C, 2010 WL 4774776 (Fed. Cl. Nov. 17, 2010) (Opinion). Because the Court of Federal Claims properly dismissed Mr. Potter's complaint, we *affirm*.

## BACKGROUND

On June 4, 2010, Mr. Potter filed a complaint against the United States in the Court of Federal Claims seeking injunctive relief and damages for the alleged infringement of his copyrights and trademarks. Supp. App. 17-25.[1] Mr. Potter's complaint asserts that he is the valid owner of copyrights and trademarks regarding "The Zodiac Knights 2000." *See, e.g.*, *id.* at 21-22. Mr. Potter's complaint contains three counts. Count 1 of the complaint requests equitable relief in the form of a temporary restraining order, a preliminary injunction and a permanent injunction prohibiting numerous private third parties from future infringement of the copyrights and trademarks at issue. *Id.* at 24. Count 1 does not seek equitable relief against the United States.[2] Count 2 seeks damages against numerous third parties as well as damages against the United States for infringement of Mr.

---

[1] Citations to "Supp. App." reference the Supplemental Appendix attached to the brief of Defendant-Appellee, the United States.

[2] Although Mr. Potter's complaint refers to numerous private third parties as "defendants," the United States is the only defendant named in the suit.

Potter's copyrights and trademarks, and $1,000,000,000 in punitive damages. *Id.* Count 3 seeks statutory damages for the infringement of Mr. Potter's copyrights and trademarks. *Id.* Mr. Potter alleges that the United States "allowed infringement" of his copyrights and trademarks between 1992 and 2010. *Id.* at 25.

On August 3, 2010, the government filed a motion to dismiss Mr. Potter's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims. The Court of Federal Claims granted the government's motion to dismiss. The Court of Federal Claims first determined that because Count 1 of Mr. Potter's complaint sought equitable relief against private parties, and not the United States, it is beyond the court's jurisdiction. Opinion at *3. Next the Court of Federal Claims addressed Mr. Potter's allegations of copyright and trademark infringement and determined that because the United States did not waive sovereign immunity to such claims, they must be dismissed for failure to state a claim upon which relief can be granted. *Id.* at *3-4. Further, the Court of Federal Claims determined that because trademark infringement is a tort, the court lacked subject matter jurisdiction over Mr. Potter's trademark claims. *Id.* at *4. The Court of Federal Claims also decided that any enhanced or statutory damages were not available to Mr. Potter. *Id.* Accordingly, the Court of Federal Claims entered judgment in favor of the United States.

On December 1, 2010, Mr. Potter filed a motion for reconsideration with the Court of Federal Claims. On January 6, 2011, the Court of Federal Claims denied Mr. Potter's motion for reconsideration. Mr. Potter appeals the Court of Federal Claims' dismissal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review whether the Court of Federal Claims properly dismissed a complaint for either a lack of jurisdiction or for failure to state a claim upon which relief can be granted *de novo*. *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000). Mr. Potter, as the plaintiff, bears the burden of showing jurisdiction by a preponderance of the evidence. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). We must uphold the Court of Federal Claims' evidentiary rulings absent an abuse of discretion. *Id.*

"A motion to dismiss . . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the plaintiff do not entitle him to a legal remedy." *Boyle*, 200 F.3d at 1372. When reviewing the dismissal, we must accept all well-pleaded factual allegations as true and draw all reasonable inferences in Mr. Potter's favor. *Id.*

The Court of Federal Claims properly determined that it did not have jurisdiction over Mr. Potter's request for equitable relief against private parties. The jurisdiction of the Court of Federal Claims extends only to claims against the United States government. *Sherwood v. United States*, 312 U.S. 584, 588 (1941). The Court of Federal Claims cannot enjoin the numerous non-parties Mr. Potter alleges infringe his copyrights and trademarks.

The Court of Federal Claims also properly dismissed Mr. Potter's copyright and trademark claims because his complaint fails to state a claim upon which relief can be granted. Mr. Potter describes his copyright and trademark claims against the United States in Paragraph 9 of his complaint:

> The Plaintiff alleges that the government agent of the Copyroyalty Board, the TTAB, the Copyright Office, the U.S. Patent and Trademark Office allowed infringement of a US citizens copyright and trademark rights from 1992 to 2010.

Supp. App. 25 (emphasis removed from original). Mr. Potter appears to contend that the United States is required to affirmatively protect his alleged copyright and trademark rights by policing the unlawful use of copyrights and trademarks by third parties. The government, however, is under no such obligation. Thus, Mr. Potter's complaint fails to allege facts showing that he is entitled to a legal remedy against the United States and the Court of Federal Claims properly dismissed his copyright and trademark claims.

We have considered all of Mr. Potter's arguments against dismissal and find them unavailing. Although Mr. Potter argues that the government failed to timely respond to his complaint, the government timely filed its motion to dismiss in lieu of filing an answer. Furthermore, Mr. Potter's vague allegation that the Court of Federal Claims or the government committed "fraud, accident or wrongful act[s]" is not supported by the evidence of record or Mr. Potter's arguments.

## CONCLUSION

For the reasons discussed above, we affirm the Court of Federal Claims' dismissal of Mr. Potter's claims.

## **AFFIRMED**

## COSTS

Each party shall bear its own costs.