NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RUTH M. POLLACK**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5042

---

Appeal from the United States Court of Federal Claims in case no. 11-CV-019, Judge George W. Miller.

---

Decided: September 6, 2012

---

RUTH M. POLLACK, of Riverhead, New York, pro se.

AMANDA L. TANTUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRYANT G. SNEE, Deputy Director.

---

PER CURIAM.

Petitioner Ruth Pollack appeals the Court of Federal Claims' dismissal of her complaint for lack of subject matter jurisdiction.  Because a review of Ms. Pollack's complaint reveals no basis for jurisdiction, we affirm.

I

Ms. Pollack, an attorney, filed suit in the Supreme Court of New York on behalf of Kevin Chesney and his wife, asserting theories related to Chesney's employment with Valley Stream Union Free School District No. 24. The case was removed to the United States District Court for the Eastern District of New York.  The district court dismissed all of the claims but one and granted summary judgment against the Chesneys on the remaining claim.

The Chesneys appealed to the Second Circuit, seeking review of the dismissal, the summary judgment, the denial of their motion to file a second amended complaint, the denial of motions to reconsider all of the preceding orders, and the termination of Ms. Pollack as counsel following her suspension from the practice of law.[1]  The Second Circuit dismissed her appeal, noting that despite the fact that Ms. Pollack had been instructed to file an appeal brief, none had been filed.  Additionally, the court "review[ed] the merits and [found] that there is no part of the Appellants' appeal, or their charges of docket tampering, that have an arguable basis in law or fact."  The court noted that the district court record was "available in its entirety on PACER and that it is in all respects regular."

Ms. Pollack also petitioned for certiorari from the United States Supreme Court.  The record contains a

---

[1]    It appears that in December 2008, during the original district court proceedings, Ms. Pollack was suspended from the practice of law for two years.

letter from Ms. Pollack to Marshall Pamela Talkin at the police office of the Supreme Court. In the letter, Ms. Pollack describes personally travelling to the Supreme Court to file documents related to the Chesney's case. She explains that she did this by handing the application to a police officer "at the rear of the United States Supreme Court Building." The record also contains letters to the Chief Clerk of the Supreme Court and to Justice Ginsburg regarding her efforts to file unspecified papers at the Supreme Court and her beliefs that entries had been falsely or incorrectly made in her file at the Supreme Court. However, the record does not contain the applications themselves or any indication that Ms. Pollack successfully filed documents at that Court. Ms. Pollack was able to successfully apply for certiorari. *See* Docket, *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, No. 10-457, *available at* http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/10-457.htm. The Supreme Court denied certiorari. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 131 S. Ct. 908 (2011).

Subsequently, Ms. Pollack initiated the instant suit against the United States in the Court of Federal Claims, requesting either $52,000,000 or $56,000,000. She alleged that during the proceedings described above, court personnel tampered with the docket available on PACER, engaged in ex parte proceedings with defendants, and issued "fake orders." The suit was originally brought by Ms. Pollack as a pro se plaintiff and on behalf of the Chesneys. The Chesneys dismissed their claims, and Ms. Pollack is the only remaining plaintiff.

The Court of Federal Claims dismissed the case for lack of subject matter jurisdiction. Opinion and Order, *Pollack v. United States*, No. 11-19C (Fed. Cl. Nov. 7, 2011), ECF No. 12 ("*Opinion*"). The court engaged in a

comprehensive analysis of Ms. Pollack's lengthy complaint, identifying the numerous legal theories asserted and concluding that none provided a basis for jurisdiction. *Op.* at 3-6. Noting its obligation under 28 U.S.C. § 1631 to transfer the case to a court in which the action could have been brought, the court nevertheless declined to do so, observing that transfer "would be futile and hence not in the interest of justice." *Op.* at 6. Ms. Pollack appeals the dismissal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II

Ms. Pollack identifies only two areas in which she believes the court misapplied the law. First, she contends that "[t]he Paperwork Reduction Act of 1980 and Tucker Act should be applied here." We understand this argument to mean that the Court of Federal Claims erred in concluding that the Paperwork Reduction Act did not provide a substantive basis for jurisdiction under the Tucker Act. Second, Ms. Pollack contends that it was error for the Court of Federal Claims to decline to transfer her case on the grounds of futility without explaining why transfer would be futile. We address each argument in turn.

### A. Standard of Review

"We ... review de novo the Court of Federal Claims's dismissal of a claim for lack of jurisdiction." *Doe v. United States*, 463 F.3d 1314, 1320 (Fed. Cir. 2006). The Tucker Act confers upon the Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress . . . , or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491. A claim under the Tucker Act "must be one for money

damages against the United States . . . and the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (internal quotation marks and citations omitted). With respect to Ms. Pollack's § 1631 argument, "[a] decision by the Court of Federal Claims concerning whether to dismiss a claim or transfer it to another court is . . . reviewed for abuse of discretion." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008).

## B.   The Paperwork Reduction Act

We begin with Ms. Pollack's argument that the Paperwork Reduction Act provided a substantive basis for jurisdiction under the Tucker Act. The burden to show that jurisdiction exists falls upon the plaintiff. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). To pursue a claim based on the Paperwork Reduction Act, Ms. Pollack was required to show that the act is money mandating. She has made no such showing in her brief. Looking to the complaint she filed in the Court of Federal Claims, it appears that the violations of the Paperwork Reduction Act that Ms. Pollack complains of relate to destruction of court documents. But as the complaint indicates, the remedies for these violations involve restoring such documents to the record. Neither the complaint nor the appellant's brief identify a portion of the act authorizing a money judgment against the United States.

Although we have not previously examined whether the Paperwork Reduction Act is money mandating, the Court of Federal Claims has. *See Pacific Nat'l Cellular v. United States*, 41 Fed. Cl. 20, 26-30 (1998). The court noted that "[t]he Paperwork Reduction Act does not

incorporate a money-mandating provision, either mandatory or permissive, into the statutory language of the Act[.]" *Id.* at 30. The court rejected the plaintiff's argument that 28 U.S.C. § 3512, which provides that "no person shall be subject to any penalty" for failing to respond to a request that did not comply with the Paperwork Reduction Act, could be read to create a right to recover money spent responding to non-compliant information requests. *Id.* at 28-29. We discern no error in the court's analysis of the Paperwork Reduction Act or in its conclusion that it is not money mandating. Accordingly, Ms. Pollack has not met her burden to show that jurisdiction is proper in the Court of Federal Claims under the Tucker Act.

## C. Futility

Ms. Pollack's second argument is that the Court of Federal Claims abused its discretion by concluding that a transfer would be futile without "stat[ing] how [the] 53 page detailed complaint was 'conclusory.'" Section 1631 states that when a court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought." 28 U.S.C. § 1631. We have stated that the transfer of a frivolous case is not in the interest of justice. *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987). "Frivolous claims include spurious and specious arguments and distortion and disregard of the record and opposing authorities." *Id.* (internal quotation marks omitted).

The basis of this case is Ms. Pollack's allegations of "massive destruction and spoliation" by court employees in the district court, the Second Circuit, and the Supreme Court. Although the complaint repeatedly alleges that

tampering occurred, it never identifies a specific act of tampering. The record does, however, reveal that Ms. Pollack has already made this argument before the Second Circuit. The Second Circuit characterized the tampering claims as "meritless," noting that it had reviewed the record and found that everything was in order. The Supreme Court denied certiorari. On this record, the Court of Federal Claims could reasonably have concluded that Ms. Pollack's complaint distorts and disregards the record, and we cannot say that it abused its discretion in determining that the instant case was frivolous.

**AFFIRMED**