NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NEIL F. KEEHN,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5084

---

Appeal from the United States Court of Federal Claims in No. 12-CV-0027, Judge Marian Blank Horn.

---

Decided: November 12, 2013

---

NEIL F. KEEHN, of Santa Monica, California, pro se.

MICHAEL D. AUSTIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant–appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, and JEANNE E. DAVIDSON, Director.

---

Before DYK, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Neil F. Keehn appeals the final judgment of the United States Court of Federal Claims ("Claims Court") dismissing his complaint. *Keehn v. United States*, 110 Fed. Cl. 306 (Fed. Cl. 2013). Because the Claims Court correctly found that it lacked jurisdiction to hear Mr. Keehn's claims, we affirm.

                                    I

Mr. Keehn filed a complaint with the Claims Court on January 12, 2012, alleging thirty-one claims based on numerous theories, including breach of implied-in-fact contract. Mr. Keehn alleged that he performed thirty tasks for the United States between 1975 and 1992. In addition, Mr. Keehn alleged he developed a short-course on strategic concepts that he presented to the United States Air Force between 2008 and 2009. Mr. Keehn sought compensation for the value of his services in the amount of $97,703,600.

The United States moved to dismiss, contending that the Claims Court lacked subject matter jurisdiction to hear the claims in Mr. Keehn's complaint. The Claims Court granted the motion. The court found that the claims relating to the first thirty tasks were barred by the statute of limitations because they accrued more than six years prior to the filing of the complaint. *Keehn*, 110 Fed. Cl. at 323–25. Although the court found that the statute of limitations did not bar the breach-of-contract claim concerning the short course, the court dismissed the claim because Mr. Keehn had failed to plead the essential elements of an implied-in-fact contract. *Id.* at 325–29.

Mr. Keehn timely filed a notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II

We review *de novo* a dismissal by the Claims Court for lack of subject matter jurisdiction. *Wilson v. United States*, 405 F.3d 1002, 1008 (Fed. Cir. 2005).

The Tucker Act defines the jurisdiction of the Claims Court to hear claims against the United States for money damages. The Claims Court has jurisdiction to hear cases "against the United States founded either upon the Constitution or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). A plaintiff bringing a claim under the Tucker Act has the burden of establishing the court's jurisdiction. *See Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002).

The Tucker Act includes a statute of limitations that bars the jurisdiction of the Claims Court unless the claim "is filed within six years after such claim first accrues." 28 U.S.C. § 2501. "A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit . . . ." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003). The Tucker Act's statute of limitations is a jurisdictional requirement and thus "must be strictly construed." *MacClean v. United States*, 454 F.3d 1334, 1336 (Fed. Cir. 2006).

We find that the Claims Court properly applied the statute of limitations to Mr. Keehn's complaint. For the Claims Court to have jurisdiction over the claims, the claims must have accrued after January 12, 2006—six years before the filing date of the complaint. The thirty tasks Mr. Keehn completed, however, he allegedly performed between 1975 and 1992, long before January 2006. As the Claims Court observed, "Mr. Keehn should have brought suit once he believed he had rendered services to

the United States and was not remunerated for those services." *Keehn*, 110 Fed. Cl. at 324–25.

In his informal brief, Mr. Keehn argues that we should "toll the statute of limitations" because of "the discovery rule." Mr. Keehn claims that some of his work was used in classified government programs, which made it difficult for him to know the extent to which the United States used and benefitted from his work. Mr. Keehn appears to be asking us to equitably toll the limitations period in light of the circumstances of his claims. This we cannot do. Section 2501 is not subject to waiver or equitable tolling. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134–39 (2008).

Mr. Keehn also argues that the Claims Court erred in dismissing his short course claim for failure to plead the essential elements of an implied-in-fact contract. There are four requirements of an implied-in-fact contract: "(1) mutuality of intent to contract; (2) consideration; (3) lack of ambiguity in offer and acceptance; and (4) actual authority in the government representative to bind the government." *Barrett Ref. Corp. v. United States*, 242 F.3d 1055, 1060 (Fed. Cir. 2001). We agree with the Claims Court that Mr. Keehn failed to allege facts that, even if true, would satisfy all the required elements of his breach-of-contract claim.

We have considered Mr. Keehn's remaining arguments and conclude that they are without merit.

For the foregoing reasons, the judgment of the Claims Court is affirmed.

**AFFIRMED**

COSTS

No costs.