NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DEXTER L. DAVIS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2016-1237

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00162-LKG, Judge Lydia Kay Griggsby.

---

Decided: March 14, 2016

---

DEXTER L. DAVIS, Sondheimer, LA, pro se.

DELISA SANCHEZ, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM; JUAN CARLOS ALARCON, Office of General Counsel, United States Department of Agriculture, Washington, DC.

---

Before PROST, *Chief Judge,* LOURIE and WALLACH, *Circuit Judges.*

PER CURIAM.

Dexter L. Davis appeals from a decision of the United States Court of Federal Claims dismissing his claims for lack of jurisdiction under 28 U.S.C. § 1500 and for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Because the Court of Federal Claims correctly found that jurisdiction is improper, we affirm.

## BACKGROUND

Mr. Davis is a farmer residing in Louisiana. On December 2, 2010, Mr. Davis submitted an application for a subordinated loan from the Farm Service Agency ("FSA"). On February 24, 2011, the FSA formally denied his request.

On March 2, 2011, Mr. Davis appealed the FSA's denial to the United States Department of Agriculture ("USDA") Appeals Division, alleging that he had been racially discriminated against and that the FSA's denial failed to meet the timing requirements for loan applications under 7 C.F.R. § 764.53(c). The Division dismissed his appeal.

On November 20, 2014, Mr. Davis filed a complaint in the United States District Court for the Western District of Louisiana, asserting claims under 42 U.S.C. §§ 1983, 1985, 1986, 1988, 42 U.S.C. § 2000(f), the Administrative Procedure Act, and the 14th Amendment, as well as a claim for "fraud." As defendants, the complaint named United States Secretary of Agriculture Tom Vilsack in his official capacity and four other government officials in their individual capacities: Chris Beyerhelm, Chief Deputy Administrator of the USDA; Willie Cooper, State Executive Director of the FSA; Brad Smith, FSA Farm

Loan Chief; and Steve Dooley, a local agent at the FSA. On August 21, 2015, the district court dismissed Mr. Davis's claims with prejudice.

In the interim, on February 23, 2015, Mr. Davis initiated the instant case, filing a complaint in the Court of Federal Claims. The complaint names the United States as defendant and asserts claims for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, takings, trademark infringement, breach of fiduciary duty, and instrumentals. Apart from jurisdictional allegations and the named causes of action, the complaint—including the entirety of its factual allegations in paragraphs 3 through 75—was identical to the Western District of Louisiana complaint. *Compare* J.A. 4-22, *with* J.A. 78-96.

On April 24, 2015, the government moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(1) and 12(b)(6). On September 10, 2015, the Court of Federal Claims granted the government's motion to dismiss, finding that it was jurisdictionally barred under 28 U.S.C. § 1500. It also found that, even if it could overcome the jurisdictional hurdle of § 1500, it must still dismiss Mr. Davis's case under RCFC 12(b)(6) because Mr. Davis failed to state any plausible claim for which relief could be granted.

Mr. Davis timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a Court of Federal Claims decision to dismiss for lack of subject matter jurisdiction de novo. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evi-

dence. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002).

Under 28 U.S.C. § 1500, the Court of Federal Claims may not exercise jurisdiction when a related action is pending in another court. The statute provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. Determining whether § 1500 applies involves two inquiries: "(1) whether there is an earlier-filed 'suit or process' pending in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are 'for or in respect to' the same claim(s) asserted in the later-filed Court of Federal Claims action." *Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (citation omitted).

With respect to the first inquiry, whether an earlier-filed suit is "pending" is determined at the time the complaint is filed at the Court of Federal Claims. *Id.* at 1375. Mr. Davis's Western District of Louisiana suit was pending on February 23, 2015, the date he filed his complaint with the Court of Federal Claims. Accordingly, we answer the first inquiry in the affirmative.

With respect to the second inquiry, two lawsuits are "for or in respect to" the same claim(s) if "they are based on substantially the same operative facts, regardless of the relief sought in each suit." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 310 (2011). Apart from jurisdictional allegations, the entire set of facts alleged in

Mr. Davis's Court of Federal Claims complaint (paragraphs 3 through 75) are word-for-word identical to the set of facts alleged in his Western District of Louisiana complaint. *Compare* J.A. 4-23, *with* J.A. 78-96. Quite literally, his suit in the Court of Federal Claims is "based on substantially the same operative facts," and we must also answer the second inquiry in the affirmative.

Mr. Davis argues that the Court of Federal Claims erred in dismissing his claims because he sued federal employees in their individual capacity in the Western District of Louisiana, but sued the government in the Court of Federal Claims. We disagree. As the Supreme Court recognized, "[t]he [Court of Federal Claims] bar applies even where the other action is not against the Government but instead against a 'person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.'" *Tohono O'Odham Nation*, 563 U.S. at 312. Here, all of the allegations that Mr. Davis makes with respect to the four individuals he sued (Messrs. Beyerhelm, Cooper, Smith, and Dooley) relate to actions that were performed in their capacity as government officials. *See, e.g.*, J.A. 9-11, 17-21 (Complaint ¶¶ 30-33, 35, 39, 41, 69, 73-75). For example, Mr. Davis alleges that Mr. Dooley elected to not grant his subordination, but instead referred his application to Mr. Smith. J.A. 9 (Complaint ¶ 30). Thus, Mr. Davis's Court of Federal Claims suit is against individuals who were "acting or professing to act . . . under the authority of the United States." Section 1500 applies.

Mr. Davis also complains that the Court of Federal Claims failed to consider the Tucker Act. This is not true. The Court of Federal Claims acknowledged the Tucker Act in its opinion, but then concluded that its jurisdiction was nevertheless barred under § 1500. J.A. 103-07.

We have carefully considered the remainder of Mr. Davis's arguments and have determined that they lack merit.  For the foregoing reasons, we affirm the Court of Federal Claims' decision that its jurisdiction was barred under § 1500.  Because we can affirm the Court of Federal Claims' dismissal on these grounds, we need not reach the remaining issues discussed in its decision, including its dismissals under RCFC 12(b)(1) and 12(b)(6).

**AFFIRMED**