NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT W. BATES,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2016-1831, 2017-1199

---

Appeals from the United States Court of Federal Claims in No. 1:15-cv-00985-CFL, Judge Charles F. Lettow.

---

Decided: July 13, 2017

---

ROBERT W. BATES, Fort Lauderdale, FL, pro se.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM, RYAN MAJERUS.

---

Before LOURIE, MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Robert W. Bates ("Bates") appeals from the decision of the United States Court of Federal Claims ("the Claims Court") dismissing his complaint for lack of subject matter jurisdiction. *See Bates v. United States*, No. 15-985C, 2016 WL 687878 (Fed. Cl. Feb. 19, 2016). Because the Claims Court did not err in dismissing the complaint, we *affirm*.

## BACKGROUND

On June 17, 2008, Bates went to a county hospital in New Jersey complaining of chest pains and was diagnosed with atypical chest pain. *Id.* at *1. Later that day, Bates went to a different hospital where he was diagnosed as having had a heart attack. *Id.*

Bates later filed suit against the first hospital in New Jersey state court. During those proceedings his then-lawyer received expert opinions that the hospital's staff had failed to adhere to minimal standards of care. It is unclear on the record before us how or whether the New Jersey state case was resolved.

In 2015, Bates filed a complaint in the Claims Court alleging medical negligence and discrimination by un-named defendants. The government moved to dismiss the complaint on the grounds that the Claims Court lacks jurisdiction over tort claims and claims against private parties.

On February 19, 2016, the Claims Court granted the government's motion and dismissed Bates's complaint for lack of subject matter jurisdiction. Specifically, the court concluded that it did not have jurisdiction under the Tucker Act because such jurisdiction "extends only to suits against the United States, not 'private parties.'" *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). The court explained that Bates made no allegations against the United States; instead, the exhibits to

his complaint demonstrated that his claims were against private parties. In the alternative, the court held that it also lacked jurisdiction because medical negligence claims sound in tort.

The Claims Court then *sua sponte* raised whether to transfer the case pursuant to 28 U.S.C. § 1631, but declined to do so. The court explained that transferring the case would not be in the interest of justice as the complaint failed to state a claim upon which relief could be granted, Claims Court Rule 12(b)(6), because, *inter alia*, the complaint did not identify the defendants. *Id.* at \*2.

Bates timely appealed to this Court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's decision to dismiss a claim for lack of subject matter jurisdiction *de novo*. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002), and the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act provides the Claims Court with jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Claims Court does not have jurisdiction over suits against "private parties." *Sherwood*, 312 U.S. at 588.

If the Claims Court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice,

transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631.

Bates argues that the Claims Court should not have dismissed his complaint for lack of jurisdiction. He contends that "sworn evidence in expert witness" reports and "deposition" evidence support his claims against doctors who committed a "civil wrong." Appellant's Informal Br. 1. Bates also argues that the Claims Court applied the wrong law relating to his "constitutional rights." *Id.*

The government responds that the Claims Court correctly dismissed the case for lack of subject matter jurisdiction. The government contends that the Claims Court lacked jurisdiction because Bates's claims were (1) against private parties, not the United States; and (2) for medical negligence, a tort claim.

We agree with the government that the Claims Court properly dismissed the case for lack of jurisdiction. As the Claims Court correctly observed, "the complaint and its exhibits make no reference to actions of the federal government." *Bates*, 2016 WL 687878, at *1. Bates relies on attachments to the complaint concerning the alleged negligence of private parties to support his claims. Because the Claims Court lacks jurisdiction over lawsuits against private parties, it correctly concluded that it lacked jurisdiction over Bates's claims.

The Claims Court also did not err by declining to transfer the case pursuant to 28 U.S.C. § 1631. The Claims Court correctly held that it was not in the interest of justice to transfer the case because Bates failed state a claim upon which relief could be granted.

CONCLUSION

We have considered Bates's remaining arguments, but find them unpersuasive. For the foregoing reasons, we

affirm the Claims Court's decision dismissing the complaint for lack of jurisdiction.

## **AFFIRMED**

COSTS.

No costs.