NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DICHONDRA V. BOWDEN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2019-1977

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01838-CFL, Senior Judge Charles F. Lettow.

---

Decided: October 3, 2019

---

DICHONDRA V. BOWDEN, Moreno Valley, CA, pro se.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, REGINALD THOMAS BLADES, JR., ROBERT EDWARD KIRSCHMAN, JR.

---

Before NEWMAN, LOURIE, and TARANTO, *Circuit Judges.*

PER CURIAM.

Dichondra Bowden appeals from the decision of the United States Court of Federal Claims (the "Claims Court") denying a motion for reconsideration of a judgment dismissing her complaint for lack of jurisdiction. *See Bowden v. United States*, No. 1:18-cv-01838, 2019 WL 1504378, at \*3–4 (Fed. Cl. Apr. 5, 2019) ("*Decision*"). Because the Claims Court did not err in its dismissal and subsequent denial of reconsideration, we *affirm*.

## BACKGROUND

Bowden filed a complaint in the Claims Court on November 19, 2018. In her complaint, Bowden represented that she was employed by the Department of Veterans Affairs ("VA") from July 12, 2005 to August 2, 2017. Bowden alleged that she was routinely scheduled to work nights and weekends during her employment with the VA and that, despite working these "undesirable hours," she did not receive premium pay pursuant to 38 U.S.C. § 7453(b) and (c) for the period from July 6, 2005 to November 11, 2008. In her complaint, Bowden acknowledged that she was aware of the non-payment as it occurred, notifying her supervisor of unexplained changes to her earning statement. Bowden also explained that her union representative filed a formal grievance on her behalf in 2009 that was not resolved until September 20, 2018.

Thereafter, Bowden filed her complaint in the Claims Court, seeking compensation under the Back Pay Act, 5 U.S.C. § 5596, and the Fair Labor Standards Act, 29 U.S.C. § 216(b). The government filed a motion to dismiss Bowden's complaint under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims for lack of jurisdiction, which the Claims Court granted. The court determined that the last of the violations alleged by Bowden accrued on November 11, 2008, and that Bowden's claim is time-barred because it was filed after the running of the six-year limitations period of 28 U.S.C. § 2501. *Decision* at

4. The court also determined that Bowden's claims are not subject to equitable tolling or any other doctrine that would excuse her delay in filing her complaint. *Id.*

The Claims Court also denied Bowden's motion for reconsideration. In her motion, Bowden argued that the accrual date of her claim was September 20, 2018, when the grievance process terminated, not November 11, 2008, when the last of the alleged violations occurred. The court determined that the employee grievance process does not excuse Bowden's delay in filing her claim. *See* Order Denying Motion for Reconsideration at 1, *Bowden v. United States*, No. 1:18-cv-01838 (Fed. Cl. May 21, 2019), ECF No. 18.

Bowden appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review dismissals by the Claims Court for lack of jurisdiction *de novo*. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002), and the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

On appeal, Bowden argues that the Claims Court should have applied the "Fraud Law Act 2006," not the Back Pay Act as alleged in her complaint. Bowden's argument appears to be a reference to an Act of the Parliament of the United Kingdom defining the criminal offense of fraud. *See* Fraud Act, 2006, c. 35 (Eng.). However, she does not appear to explain why the Claims Court erred in dismissing her complaint for lack of jurisdiction, or why her claim is not barred by the limitations period of 28 U.S.C. § 2501.

The government responds that the Claims Court properly dismissed Bowden's complaint for lack of jurisdiction. The government contends that Bowden's claim accrued on November 11, 2008, the date of the last violation alleged in the complaint, and that the limitations period of 28 U.S.C. § 2501 expired on November 11, 2014, approximately four years before Bowden filed her complaint. Further, the government argues that Bowden has not alleged any circumstances that would suspend the accrual of her claim or toll the limitations period. To the extent that Bowden alleges fraud in her appeal brief, the government argues that the allegations sound in tort and are therefore outside the Claims Court's subject matter jurisdiction.

We agree with the government that the Claims Court properly dismissed Bowden's complaint for lack of jurisdiction. The Tucker Act provides the Claims Court with jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "Every claim of which the [Claims Court] has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The six-year statute of limitations is jurisdictional and is not susceptible to equitable tolling. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 136–139 (2008); *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1382 (Fed. Cir. 2012).

The Claims Court correctly determined that Bowden's claims are barred by the six-year limitations period of 28 U.S.C. § 2501. "A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.*, when all events have occurred to fix the Government's alleged liability." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) (internal quotation omitted).

Here, Bowden's premium pay claim accrued, at the latest, on November 11, 2008, the most recent date of non-payment alleged in her complaint. Thus, Bowden had to file her complaint by November 11, 2014 for the court to have jurisdiction. Instead, Bowden filed her complaint on November 19, 2018, more than four years after the limitations period had run.

The Claims Court also correctly determined that Bowden's claims are not subject to accrual suspension, equitable tolling, or any other doctrine that would excuse Bowden's delay in filing. Although Bowden contends that her claim accrued on September 20, 2018, when she claims the employee grievance process concluded, the court correctly determined that the grievance process did not suspend accrual of Bowden's claim or toll the limitations period. Bowden has not established that the grievance process was mandatory, and "a plaintiff's invocation of a permissive administrative remedy does not prevent the accrual of the plaintiff's cause of action, nor does it toll the statute of limitations pending the exhaustion of that administrative remedy." *Martinez*, 333 F.3d at 1304.

Finally, Bowden's fraud allegation does not warrant a different result. First, the Claims Court lacks jurisdiction to adjudicate claims that sound in tort. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Further, Bowden has not explained why the jurisdiction of the Claims Court should extend to an alleged violation of a foreign statute. In any event, Bowden failed to present her fraud allegation in the Claims Court, and she cannot raise the issue for the first time on appeal. *See Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1576 (Fed. Cir. 1991).

## CONCLUSION

We have considered Bowden's remaining arguments but find them unpersuasive. For the foregoing reasons, we *affirm* the Claims Court's dismissal of this case.

**AFFIRMED**

Costs

No costs.