NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SOLOMON UPSHAW,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5104

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00058-JFM, Senior Judge James F. Merow.

---

Decided: November 10, 2014

---

SOLOMON UPSHAW, of Cape Neddick, Maine, pro se.

WILLIAM B. LAZARUS, Attorney, Environment and Natural Resources Division, United States Department of Justice, of Washington, DC, for defendant-appellee.

---

Before LOURIE, SCHALL, and DYK, *Circuit Judges.*

PER CURIAM.

Solomon Upshaw ("Upshaw") appeals from the decision of the United States Court of Federal Claims (the "Claims Court") dismissing his complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims. *See Upshaw v. United States*, No. 14-cv-0058 (Fed. Cl. May 30, 2014) ("*Order*"). Because the Claims Court did not err in dismissing Upshaw's complaint, we *affirm*.

## BACKGROUND

On January 24, 2014, Upshaw filed a complaint against the United States in the Claims Court, in which he sought damages from the United States based on a January 2014 decision by the Eastern Band of Cherokee Indians ("Band") declining to enroll him as a member. *Order* at 1. The government moved to dismiss for lack of jurisdiction. In response, Upshaw submitted documents showing the rejection in 1907 of an application by Georgeana Upshaw, in which Georgeana Upshaw requested a share of a fund appropriated by Congress for the Cherokee Indians. Upshaw asserted that he was a descendant of Georgeana Upshaw and that he had suffered injury by reason of the 1907 rejection. *Id.* The court granted the government's motion and dismissed Upshaw's complaint after concluding that his claims were beyond the jurisdiction of the Claims Court. *Id.* at 2.

Upshaw appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's decision to dismiss for lack of subject matter jurisdiction *de novo*. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002), and "the leniency

afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements," *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

Upshaw generally alleges that the Claims Court erred by failing "to take into account power and authority." Appellant's Informal Br. 1. The government responds that Upshaw has provided no argument to establish how the Claims Court specifically erred and that the Claims Court correctly concluded that it lacked jurisdiction over Upshaw's complaint.

We agree with the government that the Claims Court lacked jurisdiction. The Claims Court is a court of limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Claims Court to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (internal quotation marks omitted).

Here, the Claims Court correctly determined that it lacked jurisdiction over Upshaw's claims relating to his failure to enroll with the Band because the federal government has no statutory obligation to act in Cherokee enrollment issues. Moreover, to the extent that Upshaw specifically attempts to seek damages based on the 1907 rejection of Georgeana Upshaw's application, even if the provision of the fund appropriated by Congress could be considered to be a money-mandating statute, we agree with the Claims Court's finding that the matter was time-barred by the six-year statute of limitations and thus beyond the jurisdiction of the Claims Court for that reason.

We have considered Upshaw's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Claims Court is *affirmed*.

## AFFIRMED

### COSTS

No Costs.