NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD G. JONES, REBECCA B. DUWELL,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2016-1798

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-01044-EGB, Senior Judge Eric G. Bruggink.

---

Decided: July 11, 2016

---

DONALD G. JONES, REBECCA B. DUWELL, Tyrone, GA, pro se.

NATHANAEL YALE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ROBERT C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN.

---

Before PROST, *Chief Judge,* SCHALL, and CHEN, *Circuit Judges.*

PER CURIAM

The appellants in this case, Donald Jones and Rebecca Duwell, allege to have owned a portfolio of real estate that was damaged during Hurricane Katrina. They filed several lawsuits in the Northern District of Georgia and, over the course of litigating these suits, received several negative rulings. This appeal arises from a suit in the United States Court of Federal Claims (Claims Court), alleging a number of causes of action related to supposed mistreatment during the course of Mr. Jones and Ms. Duwell's litigation in the Northern District of Georgia. Specifically, they alleged that the clerk of the court erred in assigning their trial judges, that these assigned judges erred in not recusing themselves, and that these judges erred in various rulings. Mr. Jones and Ms. Duwell bring claims under 5 U.S.C. §§ 2101–04; 18 U.S.C. §§ 241 and 242; 42 U.S.C. § 2000d, 2000d-1, and 2000d-2; unspecified conspiracies related to 28 U.S.C. §§ 144 and 455; unspecified whistleblower protections; Federal Rule of Civil Procedure 4; and Article III and the 5th and 14th Amendments of the U.S. Constitution. J.A. 47–48. The Claims Court found itself not to have jurisdiction over Mr. Jones and Ms. Duwell's complaint, which it found to allege no claim within its jurisdiction. It further found the complaint to essentially call for the Claims Court to review the actions of another court, a matter outside of its jurisdiction. Because we agree with the Claims Court on both points, and because we find none of the appellants' arguments persuasive, we *affirm.*

## DISCUSSION

We have jurisdiction over this appeal under 28 U.S.C. § 1295(a)(3).

The appellants filed an informal brief and the government responded to that brief. After this case was fully briefed informally, the appellants moved for leave to withdraw their informal brief and replace it with a formal brief. We granted that motion. The formal brief that the appellants filed is deficient. We waive those deficiencies and consider this formal brief in reaching our decision. Although the government has not yet had an opportunity to respond to the appellants' formal brief, we find that the informal and formal briefing currently before us fully explains the issues the appellants raise such that we may dispose of this appeal now.

We review the Claims Court's dismissal for lack of subject-matter jurisdiction de novo. *Kam-Almaz v. United States*, 682 F.3d 1364, 1367–68 (Fed. Cir. 2012). We must accept as true all allegations of fact Mr. Jones and Ms. Duwell make and draw all reasonable inferences in their favor. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citation omitted). Mr. Jones and Ms. Duwell bear the ultimate burden of establishing jurisdiction; thus their complaint must allege facts sufficient to articulate a claim within the Claims Court's jurisdiction. *Kam-Almaz*, 682 F.3d at 1367–68; *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002).

The Claims Court properly dismissed the appellants' case. The appellants failed to allege any taking, any breach of contract, or any violation of a money-mandating statute or regulation as would be required for jurisdiction under the Tucker Act. 28 U.S.C. § 1491(a)(1); *United States v. Mitchell*, 463 U.S. 206, 218 (1983); *United States v. Testan*, 424 U.S. 392, 397 (1976). Additionally, they ground their claims in the proposition that they were wronged by various errors by federal judges. The Claims Court does not have jurisdiction to review other judges' decisions, even when a plaintiff couches its challenge of those decisions as a claim for damages against the United

States. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Mr. Jones and Ms. Duwell make several attacks on the Claims Court's dismissal. We find none persuasive.

First, the appellants argue that the Claims Court improperly applied persuasive, not mandatory, precedent in reaching its conclusion. We have reviewed the precedent on which the Claims Court relied and conclude that it appropriately applied binding precedent of this court and the Supreme Court. We therefore reject this argument.

Second, the appellants argue that their case raises an issue over which the Claims Court has jurisdiction under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Even assuming that the appellants alleged a plausible *Bivens* claim, the Claims Court lacks jurisdiction over such claims. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).

Third, Mr. Jones and Ms. Duwell argue that the Claims Court failed to take into account a supposed RICO claim in its dismissal of their case. None of their complaints, however, alleges any claim related to RICO over which the Claims Court could have jurisdiction. They therefore fail to identify any error in the Claims Court's analysis.

Fourth, Mr. Jones and Ms. Duwell argue that the Claims Court failed to appropriately review de novo the supposedly erroneous actions of the district courts. Because the Claims Court has no jurisdiction over claims grounded in allegations that other courts erred, it appropriately determined itself to lack jurisdiction to review these district courts' decisions, de novo or otherwise. *See Joshua*, 17 F.3d at 380. We therefore reject this argument.

**AFFIRMED**

## Costs

Not only did the appellants file numerous lawsuits that the court in the Northern District of Georgia found "vexatious," J.A. 58; they also filed a frivolous case requesting that the Claims Court do something it plainly cannot do: review the decision of another court. After the Claims Court dismissed their case, they pursued an equally frivolous appeal to this court. In order to deter the appellants from filing further vexatious and frivolous litigation, and in order to help to defray the costs to the taxpayers of defending against the appellants' baseless litigation, we award costs to the United States.