386 F.3d 1091
 Jerry TODD, Benjamin E. Abeyta, Christopher Blas Abeyta, Richard Acker, Larry Allred, David Lind Ausherman, Richard Severn Boatman, Russell T. Bowlin, Larry Allan Braaten, Linda Kaye Brown, William Duane Bryan, Jennifer Lee Ceithaml, Richard Chavez, Oliver Dallas, Larry David Duke, Brent Lee Eberhart, William J. Foley, Peter B. Fredrikson, William L. Gonzales, Modesto R. Gutierrez, Ray Martin Helman, Maurice Howland, Steven Gerard Kubala, Carol Ann Latham, Larry Layden, Terry L. Locke, Kent T. Mackenzie, Roger Anthony Mandeville, Joan M. Mallen, Dale E. McCabe, Joel D. McCoy, Donald E. McFarland, Holly L. Mings, James P. Morgan, David Carl Mott, Janet Louise Mould, Glen R. Nicolet, Phillip Charles Oliver, Terry Perez, Gary Clyde Perrin, Brenda Louise Perry, Gary Albert Postlewait, Andrew Paul Rankin, James M. Reeves, Larry Roy
Rolls, Donald Alan Schlosser, Roger Craig Schlotterback, Jon Leslie Semanek, Librado Silva, Mark Spauling, Jeffrey L. Sproul, Richard Alan Sutton, Michael S. Szucs, Gregory Tingley, Richard Alan Underwood, Larry M. Utterback, Stephen Price Van Sickle, Deborah T. Vibbert, Lois J. Warwick, David Bruce Wingert, and Craig L. York, Plaintiffs-Appellants,
v.
UNITED STATES, Defendant-Appellee.
 No. 03-5120.
 United States Court of Appeals, Federal Circuit.
 DECIDED: October 5, 2004.
 
 Appeal from the United States Court of Federal Claims, Robert H. Hodges, Jr., J.
 George M. Chuzi, Kalijarvi, Chuzi & Newman, P.C., of Washington, DC, argued for plaintiffs-appellants.
 Thomas D. Dinackus, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Brian M. Simkin, Assistant Director. Of counsel on the brief was Peter J. Hannums, Senior Attorney, Federal Aviation Administration, of Washington, DC.
 William W. Osborne, Jr., Osborne Law Offices, P.C., of Washington, DC, for amici curiae.
 Before MICHEL, Circuit Judge, ARCHER, Senior Circuit Judge, and RADER, Circuit Judge.
 RADER, Circuit Judge.
 
 
 1
 Jerry Todd, et al. (collectively, appellants) appeal their claim against the United States for back pay, which claim the United States Court of Federal Claims dismissed for failure to state a claim upon which relief can be granted. Todd v. United States, 56 Fed.Cl. 449, 453 (2003). Because the Court of Federal Claims did not err in dismissing appellants' claims, this court affirms.
 
 I.
 
 2
 Appellants are supervisors and managers at the Albuquerque Air Traffic Control Center (Albuquerque Center) of the Federal Aviation Administration (FAA). Supervisors and managers receive compensation based, in part, on the volume and complexity of air traffic at the Albuquerque Center. The FAA evaluates this volume and complexity factor for each traffic control center and assigns each an ATC Classification Level. The FAA designated the Albuquerque Center as an ATC Classification Level 10 (ATC-10) facility in 1998. Appellants allege that an increase in air traffic at the Albuquerque Center during 1999 qualified the Albuquerque Center for designation as an ATC-11 facility.
 
 
 3
 The FAA entered into a September 1998 Collective Bargaining Agreement (CBA) and a November 1999 Memorandum of Understanding (MOU) with the National Air Traffic Control Association (Union). Appellants, as supervisors, are not members of the Union, but claim to be third party beneficiaries of the CBA and MOU. Appellants allege that the CBA and MOU obligated the FAA to reclassify the Albuquerque Center as an ATC-11 facility when the air traffic increased in 1999. Appellants further allege that the FAA breached the CBA and MOU by refusing to reclassify the Albuquerque Center.
 
 
 4
 An upgrade of the Albuquerque Center to an ATC-11 facility would give appellants a higher salary. Appellants brought the present suit seeking back pay, retroactive to June 1999, for the difference between their salary and benefits working at an ATC-10 facility and the salary and benefits at an ATC-11 facility. The FAA, however, has not reclassified the Albuquerque Center as an ATC-11 facility.
 
 II.
 
 5
 Appellants brought the present suit in the Court of Federal Claims under the Tucker Act. The Tucker Act grants the Court of Federal Claims jurisdiction over actions "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491 (2000). The jurisdiction of the Court of Federal Claims under the Tucker Act is "limited to actual, presently due money damages from the United States." United States v. Testan, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (quoting United States v. King, 395 U.S. 1, 3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). Thus, jurisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself. Id.
 
 
 6
 Appellants argue that the FAA's alleged breach of the CBA and MOU with the Union supplies those substantive rights for money damages against the United States. Appellants are not, however, parties to either the CBA or the MOU. Consequently, appellants do not have a contract with the United States and cannot base a claim for money damages against the United States on a contract to which they are not a party. See Chu v. United States, 773 F.2d 1226, 1229 (Fed.Cir.1985) ("[T]here is a `well-established principle that, absent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government.'"); accord Hamlet v. United States, 63 F.3d 1097, 1101 (Fed.Cir.1995).
 
 
 7
 Appellants initiated suit in the United States Court of Federal Claims to enforce the CBA as third party beneficiaries. The CBA, however, includes its own enforcement provisions. Specifically, the CBA requires grievance procedures for all disputes under that contract. Appellants have not invoked those grievance procedures. Thus, appellants, in essence, seek to gain the benefit of the CBA, and at the same time, to circumvent the exclusive grievance procedures of the contract. Ironically, the exclusive grievance procedures of the CBA preclude any party from challenging the CBA in the Court of Federal Claims, thereby providing an additional reason that the Court of Federal Claims lacks jurisdiction. See, e.g., Chin v. United States, 890 F.2d 1143, 1144-47 (Fed.Cir. 1989); Harris v. United States, 841 F.2d 1097, 1098-1100 (Fed.Cir.1988); Rinner v. United States, 50 Fed. Cl. 333, 335-36 (2001); Hayes v. United States, 20 Cl.Ct. 150, 151, 156 (1990) (interpreting Chin and Harris).
 
 
 8
 Even assuming that a third party beneficiary could enforce the CBA and MOU in the Court of Federal Claims, appellants cannot establish jurisdiction under the Tucker Act for a claim for money damages against the United States. Appellants essentially seek to use the CBA or the MOU as leverage to obtain a reclassification of the Albuquerque Center to an ATC-11 facility. Absent a prior reclassification, however, appellants have no claim for back pay. In other words, appellants cannot show any entitlement to an increased salary until the Albuquerque Center qualifies as an ATC-11 facility. Even if the Albuquerque Center would becomes an ATC-11 facility, appellants would have no claim for back pay because they would not be eligible for an increase in salary for any period before the Center's status adjustment. Thus, appellants are not seeking presently due money damages, but instead seek the equitable remedy of a reclassification of the Albuquerque Center to an ATC-11 facility and a salary increase based on that reclassification.
 
 
 9
 In Testan, the United States Supreme Court expressly addressed the jurisdiction of the Court of Federal Claims to provide this type of equitable relief. 424 U.S. at 394, 96 S.Ct. 948. The similarly-situated plaintiffs in Testan sought both a retroactive promotion from a pay-grade of GS-13 to GS-14 and back pay based upon that promotion.* Id. The Testan court held that "federal agencies continue to have discretion in determining most matters relating to the terms and conditions of federal employment," and Government employees may not receive pay for positions to which they have not been appointed. Id. at 406, 96 S.Ct. 948. Without first obtaining a retroactive promotion, the Court found, the plaintiffs in Testan lacked an entitlement to money damages against the United States; the case was dismissed for lack of jurisdiction. Id. at 407-08, 96 S.Ct. 948.
 
 
 10
 The holding in Testan governs this case. This court does not read the holding in Testan as limited to cases involving the Classification Act or the Back Pay Act, as suggested by appellants. Testan confirms the long-standing rule that "one is not entitled to the benefit of a position until he has been duly appointed to it." Id. at 402, 96 S.Ct. 948 (citing United States v. McLean, 95 U.S. 750, 752, 24 L.Ed. 579 (1877); Ganse v. United States, 180 Ct.Cl. 183, 376 F.2d 900, 902 (Cl.Ct.1967)). This court also declines appellants' invitation to draw a distinction between the classification of a position and the classification of a facility. Appellants seek a retroactive promotion or pay raise based on the reclassification of the Albuquerque Center to an ATC-11 facility. Without first obtaining the reclassification and retroactive promotion, however, appellants have no claim for money damages against the United States. Absent a claim for presently due money damages against the United States, the Court of Federal Claims does not have jurisdiction under the Tucker Act to entertain appellants' claims. Accordingly, this court affirms the Court of Federal Claims' dismissal of appellants' claims.
 
 COSTS
 
 11
 Each party shall bear its own costs.
 
 
 12
 
 AFFIRMED.
 
 
 
 
 Notes:
 
 
 *
 Mr. Todd attempts to distinguishTestan by arguing that Mr. Todd seeks merely a reclassification of a facility and a pay raise, not a new position. However, the plaintiffs in Testan likewise merely sought a pay raise from GS-13 to GS-14 for the position they held at the time. See United States v. Testan, 424 U.S. 392, 393, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).