NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARK WAYNE BALLARD,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2016-2167

---

Appeal from the United States Court of Federal Claims in Nos. 1:15-cv-00723-SGB, 1:15-cv-00799-SGB, Judge Susan G. Braden.

---

Decided: March 14, 2017

---

MARK WAYNE BALLARD, Marianna, FL, pro se.

MELISSA BAKER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM, AMELIA LISTER-SOBOTKIN.

---

Before PROST, *Chief Judge,* CLEVENGER, and REYNA,
*Circuit Judges.*

PER CURIAM.

Mark Wayne Ballard appeals a final decision of the United States Court of Federal Claims ("COFC"). The COFC correctly dismissed Mr. Ballard's case for want of jurisdiction. We therefore *affirm.*

## BACKGROUND

Mr. Ballard and Monte Little Coyote were incarcerated at the Federal Correctional Institution in Marianna, Florida after pleading guilty to criminal offenses. Acting *pro se*, they each brought several claims against the United States government at the COFC. Their complaints were consolidated.

Ballard and Coyote alleged that their indictments by the government resulted in violations of the Commerce Clause, the Due Process Clauses, and the Takings Clause of the U.S. Constitution; the Administrative Procedures Act, 5 U.S.C. § 551 *et seq.*; the Fort Laramie Treaty of 1851, 11 Stat. 749; and the Fort Laramie Treaty of 1868, 15 Stat. 649. They also alleged that the U.S. government purportedly threatened to withhold federal funding unless an increased amount of "Indian cases" were submitted for federal indictment. Further, they argued that the U.S. government improperly used federal funds to require the Cherokee tribe to relinquish certain treaty rights. *See* S.A. 3−5, 17−20, 24−26.

The government filed a motion to dismiss for lack of jurisdiction and failure to state a claim. After opposing the government's motion, the plaintiffs moved to amend their complaint. The amended complaint raised allegations of wrongful imprisonment and restraint by various federal employees that took place throughout their indictment, prosecution, and incarceration. The plaintiffs claimed that these offenses violated the "bad men" provi-

sion of the 1868 Fort Laramie Treaty, *supra*; the Racketeering and Corrupt Organizations Act, 18 U.S.C. 1962; the Ex post Facto Clause of the U.S. Constitution; and the Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution. A6−7, 12−16.

The COFC granted the government's motion to dismiss, finding that it lacks jurisdiction to adjudicate the plaintiffs' claims. Mr. Ballard appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review *de novo* a COFC decision to dismiss for lack of jurisdiction. *Banks v. United States*, 741 F.3d 1268, 1275 (Fed. Cir. 2014). As the COFC recognized, *pro se* filings are to be liberally construed, but that does not alleviate plaintiffs' burden to establish jurisdiction. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

Pursuant to the Tucker Act, the COFC has limited jurisdiction to resolve certain claims against the United States that are "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491. But the Tucker Act does not create any substantive right of action against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976). Plaintiffs must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The source of substantive law must mandate compensation by the federal government; it must be "money mandating." *Testan,* 424 U.S. at 400.

The COFC properly held that it lacks jurisdiction to address claims based on the Commerce Clause, Ex post Facto Clause, Due Process Clauses, and the Administrative Procedure Act. None of those contain money-mandating provisions that can be enforced against the government by a private party.[1] To the extent that the Fort Laramie Treaties contain money-mandating provisions, the COFC correctly recognized that those mandates have long-since expired. While the Fifth Amendment Takings Clause can serve as a substantive cause of action against the government, the COFC correctly held that it lacks jurisdiction in this case because the complaint failed to allege any "injury in fact," which is a prerequisite to establishing standing to bring a takings claim. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180−81 (2000). With respect to claims included in the amended complaint alleging wrongful imprisonment and restraint by federal officials during plaintiffs' indictment, prosecution, and incarceration, the COFC correctly held that, absent a certificate of innocence or pardon, it lacks jurisdiction over matters stemming from criminal claims. *See Freeman v. United States*, F. App'x 892, 894 (Fed. Cir. 2014); *see also Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

This court generally declines to review issues raised for the first time on appeal. *See Sage Prod., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997). To the extent Mr. Ballard now argues that a separate cause of action brought by a third party could provide the COFC with jurisdiction over his case, those arguments are

---

[1]    *See, e.g., Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 227 (1974); *Atlas Corp. v. United States*, 15 Cl. Ct. 681, 691 (1988), *aff'd,* 895 F.2d 745 (Fed. Cir. 1990); *Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed. Cir. 2006).

waived, and unpersuasive in any event. Finally, to the extent Mr. Ballard requests transfer pursuant to 28 U.S.C. § 1631, that provision provides the court discretion to transfer in the interest of justice. We are not persuaded that transferring this case is in the interest of justice.

For the reasons explained above, the COFC correctly dismissed the claims for lack of jurisdiction. We therefore *affirm*.

**AFFIRMED**

Costs

Each party will bear its own costs.