NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BRADLEY BRENNECKE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2020-1263

_____

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01448-EGB, Senior Judge Eric G. Bruggink.

_____

Decided: May 7, 2020

_____

BRADLEY BRENNECKE, Pleasant Plain, OH, pro se.

SONIA MARIE ORFIELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.

_____

Before LOURIE, MAYER, and REYNA, *Circuit Judges.*

PER CURIAM.

Bradley Brennecke appeals the final judgment of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. *See Brennecke v. United States*, 145 Fed. Cl. 354 (2019) ("*Federal Claims Decision*"). We affirm.

## I. BACKGROUND

On September 19, 2019, Brennecke filed a two-paragraph complaint in the Court of Federal Claims. He alleged that the United States had "injured [him] in the amount of $10,953,618.91 by collecting assets without jurisdiction." Appellee Supplemental Appendix ("S.A.") 3. Brennecke further asserted that the government had acted "knowingly and maliciously" and "should be held accountable . . . for wrongful actions . . . and ill[-]gotten gains." S.A. 4. Brennecke attached a number of documents to his complaint, including two copies of a June 2019 order of dismissal for lack of jurisdiction issued by the United States Tax Court, S.A. 7, 12, and several federal tax lien notices, S.A. 19–34.

On September 26, 2019, the Court of Federal Claims dismissed Brennecke's complaint for lack of jurisdiction. The court explained that "[a]lthough courts hold pleadings filed by a *pro se* plaintiff to a less stringent standard, a *pro se* plaintiff is not exempt from demonstrating that the court has jurisdiction over his claim." *See Federal Claims Decision*, 145 Fed. Cl. at 356. According to the court, Brennecke had "not met the requirements to file a tax refund claim in [the Court of Federal Claims]" because he had not "allege[d] that he ha[d] paid any assessed taxes or that he ha[d] filed a refund claim." *Id.*

The Court of Federal Claims further held that because it lacks jurisdiction over claims sounding in tort, it had no authority to consider Brennecke's "vague[]" allegations that the United States had committed "other knowing,

malicious [and] wrongful actions." *Id*. at 357. The court explained, moreover, that to the extent that Brennecke alleged that the Internal Revenue Service ("IRS") "intentionally or negligently violated the tax code in its collection of taxes, [he] must bring his claim in a federal district court." *Id*. (citing 26 U.S.C. § 7433(a)).

Brennecke subsequently filed a document entitled "Objection of Bradley Brennecke of Order of Dismissal and [Motion] to Reconsider." S.A. 49. In this document, Brennecke argued that the court misunderstood his complaint because his claim was "not a taxation claim, but rather[] a claim for acting without jurisdiction," and "since jurisdiction was not obtained prior to collection, the nature of [the] claim remains outside of the Tucker Act." S.A. 50. He further asserted that his case should be reopened because the Court of Federal Claims had committed "gross error." S.A. 50 (capitalization omitted).

On November 7, 2019, the court denied Brennecke's motion based upon the standards for reconsideration set out in Rule 59 of the Rules of the Court of Federal Claims. S.A. 52–53. The court determined that Brennecke's filing was untimely since it was filed more than twenty-eight days after the entry of judgment. S.A. 53. It concluded, moreover, that Brennecke's motion did not state grounds for reconsideration because he had not shown that there had been an intervening "change in the law, new evidence, or a clear error of law or fact that would result in manifest injustice." S.A. 53. Brennecke then appealed to this court.

## II. DISCUSSION

We review de novo a decision by the Court of Federal Claims to dismiss a complaint for lack of jurisdiction. *Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1372 (Fed. Cir. 2005). Brennecke had the burden of establishing, by a preponderance of the evidence, that the Court of Federal Claims had jurisdiction over his claim. *See Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

The Court of Federal Claims is a court of limited jurisdiction. *See, e.g.*, *United States v. Mitchell*, 463 U.S. 206, 216–18 (1983); *Todd v. United States*, 386 F.3d 1091, 1093–94 (Fed. Cir. 2004). As the court correctly determined, Brennecke failed to establish that it had jurisdiction to consider his claim. *See Federal Claims Decision*, 145 Fed. Cl. at 356–57. Under certain circumstances, the Court of Federal Claims has authority to adjudicate a claim seeking a federal tax refund. *See* 28 U.S.C. § 1346(a)(1) (granting the Court of Federal Claims jurisdiction over "civil action[s] against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws"). Importantly, however, to invoke the court's jurisdiction over a tax refund claim a claimant must show that he paid the assessed tax prior to filing his complaint and that he filed a timely claim for a tax refund with the IRS. *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002); *Rocovich v. United States*, 933 F.2d 991, 993–94 (Fed. Cir. 1991); *see also Ont. Power Generation v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004) (explaining that the Tucker Act's waiver of sovereign immunity "encompasses claims where the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum" (citation and internal quotation marks omitted)). When he was before the Court of Federal Claims, however, Brennecke did not allege that he had paid any assessed taxes or that he had filed a claim for a refund with the IRS. *See Federal Claims Decision*, 145 Fed. Cl. at 356.

On appeal, Brennecke argues that the United States "admitted not following the proper procedures for tax collection in [the] U.S. Tax Court." Appellant Informal Reply Br. 1. He points to no evidence, however, suggesting that the government has ever stated or acknowledged that it did

not follow required tax collection procedures. *See* S.A. 11–34. Furthermore, to the extent that Brennecke suggests that he has been subjected to a wrongful levy, a claim seeking relief from an improper tax levy must be filed in a federal district court rather than the Court of Federal Claims. *See* 26 U.S.C. § 7433(a); *see also id.* § 7426(a)(1).

Brennecke also argues that the Court of Federal Claims "did not take into account the exhibits showing the injury" he suffered as a result of actions undertaken by the United States. Appellant Informal Br. 1. We disagree. The Court of Federal Claims carefully considered the exhibits Brennecke submitted, *see Federal Claims Decision*, 145 Fed. Cl. at 356, but correctly concluded that they were insufficient to establish that the court had jurisdiction over his complaint. We have considered Brennecke's remaining arguments but do not find them persuasive.

### III. CONCLUSION

Accordingly, the judgment of the United States Court of Federal Claims dismissing Brennecke's complaint for lack of jurisdiction is affirmed.

**AFFIRMED**