NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BARRY EUGENE BROOKS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2020-1500

_____

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00587-LKG, Judge Lydia Kay Griggsby.

_____

Decided: August 6, 2020

_____

BARRY EUGENE BROOKS, Kemp, TX, pro se.

ROBERT JOEL BRANMAN, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRUCE R. ELLISEN, RICHARD E. ZUCKERMAN.

_____

Before WALLACH, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Barry E. Brooks appeals from the final decision of the United States Court of Federal Claims dismissing his complaint for lack of subject-matter jurisdiction. Specifically, Mr. Brooks appears to challenge the Court of Federal Claims's determination that it lacked subject-matter jurisdiction to consider his claim of unlawful seizure of assets, and complains that it erred by failing to address his claims of defamation, libel, and slander. Because the Court of Federal Claims lacks subject-matter jurisdiction over Mr. Brooks's claims, we affirm.

BACKGROUND

In 2001, Mr. Brooks was indicted on three counts of willful failure to file his tax returns. In 2002, Mr. Brooks was sentenced to twenty-one months of incarceration with one year of supervised release. In 2005, Mr. Brooks's supervised release was revoked, and he was sentenced to an additional nine months of incarceration. During that time, the Internal Revenue Service (IRS) undertook certain collection activities against Mr. Brooks, successfully satisfying his unpaid income tax liability for 1987, but not his liabilities for 1988 to 1992.

On June 14, 2018, Mr. Brooks filed a petition in the United States Tax Court disputing that he received certain notices of deficiency and notices of determination from the IRS for the years 1987 to 1999. On August 23, 2019, the Tax Court dismissed Mr. Brooks's petition for lack of jurisdiction, explaining that (1) for the years 1987 to 1997, Mr. Brooks had failed to file his petition within the prescribed time; and (2) for the years 1998 and 1999, no notice of deficiency or notice of determination had been issued.

On April 15, 2019, Mr. Brooks filed a complaint in the Court of Federal Claims alleging that the Government (1) "violat[ed his] due process of law" by seizing his

"automobile, household goods and professional equipment," as well as his "personal bank account"; (2) "misinformed" his "[f]amily, friends and dental patients" regarding his "false prosecution, sentencing, and two year incarceration"; and (3) violated his rights under the Fourth Amendment to the United States Constitution by "taking [his] assets" without authority. S.A. 11–12, 95.[1] Liberally construing Mr. Brooks's claims as alleging wrongful levy, unjust conviction, defamation, and constitutional law violations, the Government moved to dismiss his claims on the ground that the trial court did not have subject-matter jurisdiction over them.

In granting the Government's motion, the trial court held that it lacked subject-matter jurisdiction over Mr. Brooks's constitutional law claims and wrongful levy claims. *Brooks v. United States*, No. 19-587T, 2020 WL 755361, at *4 (Fed. Cl. Feb. 14, 2020). The trial court explained that it could not "consider constitutional claims based upon a violation of the Due Process Clause of the Fifth and Fourteenth Amendments," or claims based upon a violation of the Fourth Amendment, because these provisions are not money-mandating as required under the Tucker Act, which specifies the legal subject matter that may be heard by the Court of Federal Claims. *Id.* The trial court also dismissed Mr. Brooks's wrongful levy and wrongful collection claims, explaining that it did not have "jurisdiction to entertain a claim for damages flowing from the allegedly unlawful collection activities of the IRS," nor did it have jurisdiction over a claim "challenging the imposition of tax liens." *Id.* at *4–5.

Mr. Brooks appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

---

[1] "S.A" refers to the Supplemental Appendix attached to the Defendant-Appellee's Brief.

DISCUSSION

On appeal, Mr. Brooks first argues that the trial court erred by construing his claim as a "Tax Refund Claim" rather than a claim "for damages suffered from the unlawful and unauthorized seizure of [his] assets." Appellant's Br. 1.[2] Mr. Brooks additionally argues that the trial court erred by failing to address his claim regarding "substituting false information." *Id.* Because we agree that the trial court does not have subject-matter jurisdiction over his claims, we affirm the trial court's decision dismissing Mr. Brooks's complaint for the reasons discussed below.

I

We review the trial court's dismissal for lack of subject-matter jurisdiction de novo, giving no deference to the trial court's determination. *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1378 (Fed. Cir. 2017) (citing *Fidelity & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015)). The Court of Federal Claims is a court of limited jurisdiction. *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014) (citing *Terran v. Sec'y of Health & Human Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999)). The Tucker Act is the primary statute conferring jurisdiction on the Court of Federal Claims. 28 U.S.C. § 1491; *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). It provides that the Court of Federal Claims shall have jurisdiction over particular cases limited to:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the

[2]     When referencing Mr. Brooks's informal brief, the page numbers correspond to the page numbers stamped at the top of each page by this court's document filing system.

United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

"To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself." (alteration in original))). The Tucker Act itself does not create a substantive right enforceable against the United States. *Id.* (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)). To come within jurisdictional reach, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (first citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); then citing *United States v. Testan*, 424 U.S. 392, 398 (1976)).

II

Mr. Brooks first asserts that his claim for damages "from the unlawful and unauthorized seizure of [his] assets" was "mistakenly referred to as a Tax Refund Claim." Appellant's Br. 1. He points to the subject line in the header of the trial court's "Memorandum Opinion and Order," which recites "*Pro Se*; RCFC 12(b)(1); Subject-Matter Jurisdiction; Tax Refund Claim." *Id.* at 3. We do not agree with Mr. Brooks's characterization of the trial court's analysis. Though the subject line does recite "Tax Refund Claim," the trial court did not treat Mr. Brooks's claim as a tax refund claim for purposes of dismissal. It appropriately considered his claim as a request to "recover monetary *damages* from the government . . . in connection with the collection of certain federal income tax." *Brooks*,

2020 WL 755361, at *4 (emphasis added).  Indeed, the trial court differentiated between a tax refund claim—an action "to recover any internal revenue tax erroneously or illegally assessed"—and a damages claim—an action "for damages flowing from the allegedly unlawful collection activities of the IRS."  *Id.* at *3.

Insofar as Mr. Brooks also challenges the trial court's determination that it lacks subject-matter jurisdiction over his claim for damages related to the seizure of his assets, we agree with the trial court.  Even when reading Mr. Brooks's claim as one for damages arising from the wrongful levy or wrongful collection activities of the IRS, the trial court still does not have jurisdiction.  *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002).  A claim for damages "in connection with any collection of Federal tax with respect to a taxpayer" must be brought in a United States District Court.  *Id.* (quoting 26 U.S.C. § 7433(a) (2000)).

Assuming that Mr. Brooks contends that his assets were seized in violation of his due process rights under the Fifth Amendment, the trial court does not have jurisdiction over such a claim.  *Smith*, 709 F.3d at 1116.  The Due Process clause of the Fifth Amendment "do[es] not mandate the payment of money and thus do[es] not provide a cause of action under the Tucker Act."  *Id.* (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)); *see also Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995) ("[T]he due process clause does not obligate the government to pay money damages." (collecting cases)).  Similarly, to the extent Mr. Brooks asserts that his assets were seized in violation of his Fourth Amendment rights, the trial court does not have jurisdiction because the Fourth Amendment does not mandate the payment of money.  *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over [] such a violation." (first citing

*United States v. Mitchell*, 463 U.S. 206, 218 (1983); then citing *Murray v. United States*, 817 F.2d 1580, 1582–83 (Fed. Cir. 1987))).

Mr. Brooks also appears to assert that the Government lacked jurisdiction to seize his assets to collect taxes because, in his 2018 Tax Court case where he challenged the notices of deficiency and determination for the years 1987 to 1999, the IRS moved to dismiss the case for lack of jurisdiction. Appellant's Br. 1. Contrary to Mr. Brooks's allegations, moving to dismiss Mr. Brooks's 2018 Tax Court petition for lack of jurisdiction does not mean that the IRS failed to satisfy the requirements necessary to collect his unpaid income tax liabilities.

Finally, Mr. Brooks argues that the trial court failed to address his claim of "substituting false information for Claim of Petitioner." Appellant's Br. 1. We understand Mr. Brooks's argument to be that the trial court failed to consider his claims of defamation, libel, and slander related to the Government's alleged act of "misinform[ing]" his "[f]amily, friends and dental patients" about his "false prosecution, sentencing, and two year incarceration." S.A. 11–12. Because defamation, libel, and slander are claims that sound in tort law, the trial court does not have jurisdiction over such claims. *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993) ("It is well settled that the United States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims."). Indeed, by its express terms, the Tucker Act excludes claims sounding in tort from the trial court's jurisdiction. 28 U.S.C. § 1491(a)(1); *see also Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

## CONCLUSION

We have considered Mr. Brooks's other arguments and find that they also fail to satisfy the jurisdictional requirements of the Court of Federal Claims. Accordingly, we

affirm the Court of Federal Claims's dismissal of Mr. Brooks's complaint.

### AFFIRMED

COSTS

No costs.