NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT HITSMAN,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2020-1631

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00562-LKG, Judge Lydia Kay Griggsby.

---

Decided: September 4, 2020

---

ROBERT HITSMAN, Dent, MN, pro se.

IVAN CLAY DALE, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JACOB EARL CHRISTENSEN, RICHARD E. ZUCKERMAN.

---

Before PROST, *Chief Judge*, MOORE and STOLL, *Circuit Judges*.

PER CURIAM.

Robert Hitsman appeals from the final decision of the United States Court of Federal Claims dismissing his complaint for lack of subject-matter jurisdiction. Specifically, Mr. Hitsman appears to challenge the trial court's determination that it lacked subject-matter jurisdiction to consider his claim for unlawful seizure of assets. Because the Court of Federal Claims lacks subject-matter jurisdiction over Mr. Hitsman's claim, we affirm.

BACKGROUND

On June 4, 2018, Mr. Hitsman filed a petition in the United States Tax Court, disputing that he received certain notices of deficiency and notices of determination concerning collection actions from the Internal Revenue Service (IRS) for the years 1979 to 2017. On October 18, 2018, the Tax Court dismissed Mr. Hitsman's petition for lack of jurisdiction because the IRS had not issued a notice of deficiency, notice of determination concerning a collection action, or any other notice of determination to Mr. Hitsman for the years 1979 through 2017.

On April 8, 2019, Mr. Hitsman filed a complaint in the Court of Federal Claims alleging that the Government "injured Plaintiff in the amount of $96,967.10 by collecting assets without jurisdiction" from 1979 through 2018. S.A. 11.[1] The Government moved to dismiss Mr. Hitsman's claim, arguing that Mr. Hitsman had confused the Tax Court's jurisdiction with the Government's ability to carry out levies to fulfill his tax liabilities. To the extent that Mr. Hitsman's claim could be construed as a tax refund claim, the Government argued that the Court of Federal Claims lacked jurisdiction because for the tax years at issue, Mr. Hitsman had not established that he (1) filed a

---

[1] "S.A." refers to the Supplemental Appendix filed by Defendant-Appellee.

proper claim for a refund with the IRS; and (2) fully paid the amount for which he sought a refund. To the extent that the trial court construed Mr. Hitsman's claim as seeking "damages" resulting from an unauthorized collection action or for failure to release a lien, the Government maintained that jurisdiction over such claims lies exclusively with the federal district courts.

The trial court granted the Government's motion, holding that it lacked subject-matter jurisdiction over Mr. Hitsman's claim, whether construed as a claim for wrongful levy or improper imposition of a lien, a due process claim, or a tax refund claim. The trial court explained that it lacked jurisdiction over claims "for damages flowing from the allegedly unlawful collection activities of the IRS" and "claims challenging the imposition of tax liens" because such claims must be brought before a district court. *Hitsman v. United States*, No. 19-562T, 2020 WL 429940, at *4 (Fed. Cl. Jan. 28, 2020). Similarly, the trial court explained that it lacked jurisdiction over due process claims because the Due Process clauses of the Fifth and Fourteenth Amendments are not considered to be money-mandating. *Id.* To the extent that Mr. Hitsman asserted a tax refund claim, the Court of Federal Claims concluded that it "must dismiss" this claim because Mr. Hitsman had not shown that he "(1) timely filed a refund claim with the IRS and (2) fully paid his tax liability before commencing" suit. *Id.* at *5 (first citing 26 U.S.C. § 7422; and then citing *Shore v. United States*, 9 F.3d 1524, 1526–27 (Fed. Cir. 1993)).

Mr. Hitsman appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

On appeal, Mr. Hitsman argues that the Court of Federal Claims failed to appreciate that the IRS violated the Fourth Amendment when it seized his assets without jurisdiction. Appellant's Br. 2. In his reply brief, Mr. Hitsman also asserts that the IRS violated his due process

rights when it seized his assets. Reply Br. 2. Because we agree that Mr. Hitsman has not established that the trial court had jurisdiction over his claims, we affirm the trial court's decision dismissing his complaint.

I

We review the trial court's dismissal for lack of subject-matter jurisdiction de novo. *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1378 (Fed. Cir. 2017) (citing *Fidelity & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015)). "The Court of Federal Claims is a court of limited jurisdiction." *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014) (citing *Terran v. Sec'y of Health & Human Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999)). The Tucker Act is the primary statute conferring jurisdiction on the Court of Federal Claims. 28 U.S.C. § 1491; *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). It provides that the Court of Federal Claims shall have jurisdiction over particular cases limited to:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

"To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004)). The Tucker Act itself does not create a substantive right enforceable against the United States. *Id.* (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)). To come within jurisdictional reach, "a plaintiff

must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (first citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); and then citing *United States v. Testan*, 424 U.S. 392, 398 (1976)).

II

On appeal to this court, Mr. Hitsman first appears to assert that the Government lacked jurisdiction to seize his assets to collect taxes because, in his 2018 Tax Court case where he challenged receipt of notices of deficiency and determination for the years 1979 through 2017, the IRS moved to dismiss the case for lack of jurisdiction. *See* Appellant's Br. 2; Reply Br. 2. Contrary to Mr. Hitsman's argument, that the IRS moved to dismiss Mr. Hitsman's 2018 Tax Court petition for lack of jurisdiction does not mean that the IRS failed to satisfy the requirements necessary to collect his unpaid income tax liabilities in the first instance.

Mr. Hitsman also argues that his assets were seized in violation of his Fourth Amendment rights. As the Government points out, Mr. Hitsman raises his Fourth Amendment argument for the first time in his opening brief on appeal. Ordinarily, we "do[] not give consideration to issues not raised below." *Hormel v. Helvering*, 312 U.S. 552, 556 (1941). Even if we were to consider this argument, the Court of Federal Claims lacks jurisdiction over any such claim because the Fourth Amendment does not mandate the payment of money. *See Brown v. United States*, 105 F.3d 621, 623–24 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over [] such a violation." (first citing *Mitchell*, 463 U.S. at 218; and then citing *Murray v. United States*, 817 F.2d 1580, 1582–83 (Fed. Cir. 1987))).

Mr. Hitsman further argues, for the first time in his reply brief, that the IRS violated his due process rights when

it seized his assets.  Mr. Hitsman has waived this argument because he failed to raise it in his opening brief. *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("Our law is well established that arguments not raised in the opening brief are waived." (citing *Cross Med. Prods., Inc. v. Medtronic Somafor Danek, Inc.*, 424 F.3d 1293, 1320–21 n.3 (Fed. Cir. 2005))).  In any event, the trial court does not have jurisdiction over Mr. Hitsman's due process claim.  *Smith*, 709 F.3d at 1116. "The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."  *Id.* (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)); *see also Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995) ("[T]he due process clause does not obligate the government to pay money damages." (collecting cases)).

## CONCLUSION

We have considered Mr. Hitsman's remaining arguments and do not find them persuasive.  Accordingly, we affirm the trial court's dismissal of Mr. Hitsman's complaint.

## **AFFIRMED**

### COSTS

No costs.