NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SOMONA LOFTON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1959

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00727-EDK, Chief Judge Elaine Kaplan.

---

Decided: January 31, 2025

---

SOMONA MARIE LOFTON, Napa, CA, pro se.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE.

---

Before STOLL, CLEVENGER, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Somona Lofton appeals the decision of the United States Court of Federal Claims ("Claims Court") dismissing her Complaint pursuant to Claims Court Rule 12(h)(3) for lack of subject matter jurisdiction. *Lofton v. United States*, No. 24-727, 2024 WL 2814551 (Fed. Cl. June 3, 2024). Because we agree that the Claims Court did not have subject matter jurisdiction over Ms. Lofton's Complaint, we affirm.

## BACKGROUND

In her Claims Court Complaint, Ms. Lofton alleges that employees at Napa Valley College, a public community college in California, "conspire[d] to defraud Government Funds" in violation of 18 U.S.C. § 371 by entering "false records" in her financial aid account. SAppx 7–8.[1] Ms. Lofton seeks $250,000 for emotional distress, homelessness, body pains, head pains, and for missing parenting time. She also appears to seek a 10-year prison sentence for the accused Napa Valley College employees.

The Claims Court dismissed Ms. Lofton's Complaint for lack of subject matter jurisdiction for at least four reasons. First, the Claims Court stated that it had no jurisdiction because Ms. Lofton's Complaint alleges no claims against the United States. Second, if Ms. Lofton's Complaint is to be construed against Napa Valley College itself, or against its employees within the scope of their employment, the Claims Court lacks jurisdiction over suits against states, local governments, their entities, or their employees. Third, the Claims Court has no jurisdiction over claims brought under the federal criminal code, such as 18 U.S.C. § 371. And fourth, to the extent Ms. Lofton

---

[1]    SAppx refers to the Supplemental Appendix filed with the Government's Informal Brief.

alleges tort claims, the Claims Court lacks jurisdiction to hear tort claims.

Ms. Lofton timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

### DISCUSSION

On appeal, Ms. Lofton raises largely the same allegations she raised before the Claims Court. For instance, Ms. Lofton contests the dismissal of her Complaint, arguing that the "[C]alifornia student aid commission . . . create[d] accounts in students [sic] name to defraud funds." Appellant's Informal Br. 5. Ms. Lofton requests that we investigate the California Student Aid Commission to determine why there is an account in her name that she allegedly never created. *Id.* at 6. She also seeks $279,054 in damages. *Id.* at 3.

We review the Claims Court's dismissal for lack of subject matter jurisdiction de novo. *Adair v. United States*, 497 F.3d 1244, 1250 (Fed. Cir. 2007). Under the Tucker Act, the Claims Court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). A plaintiff attempting to sue the United States in the Claims Court first must "identify a substantive right for money damages against the United States separate from the Tucker Act itself" before the court can address the claim's merits. *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The United States is the only proper defendant in the Claims Court. 28 U.S.C. § 1491(a)(1).

Here, we agree with the Claims Court that it did not have subject matter jurisdiction to entertain Ms. Lofton's Complaint because she fails to allege claims against the

United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Broadly construed, Ms. Lofton's allegations against Napa Valley College, its employees, the state of California, and private individuals do not fall within the jurisdiction of the Claims Court. 28 U.S.C. § 1491(a)(1). Similarly, to the extent Ms. Lofton attempts to allege tort claims, the allegations fail because the Claims Court lacks jurisdiction to hear tort claims. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). Additionally, Ms. Lofton has not established subject matter jurisdiction because she alleges a violation of criminal statutes, 18 U.S.C. § 371; 31 U.S.C. § 3729 *et seq*. *See* Appellant's Informal Br. 5; SAppx 7; *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

## CONCLUSION

We have considered Ms. Lofton's remaining arguments and find them unpersuasive. For the reasons stated above, the Claims Court lacked jurisdiction over Ms. Lofton's claims, and properly dismissed the Complaint.

## **AFFIRMED**

### COSTS

No costs.