NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICK DI SANTO,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1694

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-02099-LAS, Senior Judge Loren A. Smith.

---

Decided:  March 11, 2025

---

PATRICK DI SANTO, Lenexa, KS, pro se.

VIJAYA SURAMPUDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before LOURIE, DYK, and REYNA, *Circuit Judges*.

PER CURIAM.

Patrick Di Santo appeals pro se from a judgment of the U.S. Court of Federal Claims ("Claims Court") dismissing his complaint for lack of jurisdiction. We *affirm*.

I

On December 8, 2023, Mr. Di Santo filed a pro se complaint in the Claims Court. Mr. Di Santo's complaint named as defendants the United States, his former spouse, and her attorney.[1] Mr. Di Santo challenged the entry of a default judgment against him in proceedings before the Supreme Court of the State of New York for the County of Ulster. Those proceedings apparently somehow related to earlier divorce and custody battles with his former spouse and her attorney. Mr. Di Santo further explained that, in his view, his former spouse and her attorney have engaged in a decades-long pattern of filing "frivolous" and harassing lawsuits against him, which have resulted in the loss of his custody over his two children and the dissolution of his estate. S. App'x 6.[2]

Mr. Di Santo alleged that the default judgment should be set aside in part because at the time of the default, he was "confined to G3 West psych pod in the Bradenton[,] Florida detainment center under the judicial care of Judge Hunter Carrol." S. App'x 9. He claimed that, despite his efforts to have the default set aside by the New York state courts, those courts impermissibly "denied [him] equal accommodations" for his traumatic brain injury, and in doing

---

[1]    Although Mr. Di Santo listed his former spouse and her attorney as defendants in his complaint, the caption of the case before the Claims Court reflected only the government as a defendant, a convention this court has maintained on appeal.

[2]    Citations to "S. App'x" are to the supplemental appendix filed by the government.

so, infringed upon his fundamental right of access to the courts. S. App'x 11. In his brief to this court, Mr. Di Santo challenges other actions of the New York state courts in his custody proceedings.

The government moved to dismiss Mr. Di Santo's complaint, arguing that the Claims Court lacked jurisdiction over his claims. The Claims Court agreed with the government, granted the motion, and dismissed Mr. Di Santo's complaint.

Mr. Di Santo appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II

We review dismissals by the Claims Court for lack of jurisdiction de novo. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002). The plaintiff must establish the court's jurisdiction by a preponderance of the evidence. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). Unrepresented plaintiffs are not held to as stringent a pleading standard as represented parties. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, this principle does not relieve an unrepresented plaintiff of the obligation to establish jurisdiction. *See Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Claims Court possesses jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Claims Court does not possess jurisdiction over state courts, state officials, or private individuals. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941).

Although Mr. Di Santo named the United States as a defendant in his complaint, it is apparent that his claims

were directed not against the United States, but against state entities, officials, and private individuals outside the Claims Court's jurisdiction. *See id.* ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). The Claims Court correctly dismissed Mr. Di Santo's complaint for lack of jurisdiction.

We have considered Mr. Di Santo's remaining arguments and find them unpersuasive.[3]

## AFFIRMED

### COSTS

No costs.

---

[3]    Our affirmance of the Claims Court's decision obviates the need to address Mr. Di Santo's motions pending before this court, one of which seeks reconsideration of the earlier denial of a separate motion, and the other of which appears to seek rehearing by the panel or en banc prior to issuance of a decision in his appeal. We *deny* both motions as moot.